USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Case 7:07-cv-04735-KMK-MDF   Document 20   Filed 07/10/2008   Page 1 of 3

**ZUBRYCKI**
Violet Hill Road; Rhinebeck, New York 12572

RECEIVED JUN 26 2008 PRO SE OFFICE

June 23, 2008

**MEMO ENDORSED**

By: Express Mail: ED 736398314 US (*pro se* office)
Honorable Kenneth M. Karas
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

RE:   Zubrycki v. New York State, Dept. of Transportation et al
      07-CIV-4735 (KMK)(MDF)

Your Honor,

I am the Plaintiff in the above referenced matter. The New York State, Office of the Attorney General (OAG) is representing defendants New York State, Department of Transportation (DOT), New York State, Department of Civil Service (DCS) and New York State, Office of the State Comptroller (OSC).

To the best of my recollection, the court adopted the following Motion Scheduling Order at the pre-motion conference held on June 13, 2006:

| | |
|---|---|
| July 14, 2008 | OAG to file motion |
| September 3, 2008 | Plaintiff to file answer/opposition motion |
| September 17, 2008 | OAG to file response |

I am writing to ask for Your Honor's thoughtful consideration to **VOID** the above Motion Scheduling Order and to allow me to file a Third Amended Complaint for the following reasons. (*Please note that only applicable pages of the relevant documents have been included in the exhibits attached to this letter.*)

1) **There is a glitch in the *pro se* 'Complaint for Employment Discrimination' form - Part III. Exhaustion of Federal Administrative Remedies**
   - The form only requires the date that the federal charge(s) were filed with the Equal Employment Opportunity Commission (EEOC) and a copy of the 'Notice of Right to Sue'. **EXHIBIT A, pgs 1, 2**
   - The form does not request the exhaustion of the Administrative Remedies with the New York State Division of Human Rights (DHR) under the Work Sharing Agreement with the EEOC **EXHIBIT B and EXHIBIT C, pg 5** which is integral to the exhaustion of the Federal Administrative Remedies when EEOC adopts the findings of DHR. **EXHIBIT A, pgs 3-5**
   - On December 6, 2007 the Court had questions concerning the exhaustion of the DHR Administrative Remedies. My proposed correction would completely answer the Court's questions. **EXHIBIT C, pgs 3-5**
   - I beg the Court to will allow me to correct this mistake which is not of my own fault. Please see **EXHIBIT A**, my proposed correction to the *pro se* 'Complaint for Employment Discrimination' form for Your Honor's thoughtful consideration.

2) **I was confused and emotionally upset at the December 6, 2007 pre-motion conference.**
   - I beg Your Honor to consider the fact that I cried throughout most of this conference. The Court was very kind and directed me to take small steps. I explained to Your Honor, that in re-writing/re-visiting my complaint I become very upset and parts of it make me ill (triggers Post Traumatic Stress responses). I need to take breaks to calm down and to avoid having a relapse. **EXHIBIT C, pg 8-9**

- The Court asked me if my Amended Complaint was long, to take another crack at re-writing it, to get it down to the real essential facts, <u>that relevant parts could be part of my case as it went forward of which I thought meant in discovery</u>. I was confused. I made the mistake of leaving out too much of the essential facts in my Second Amended Complaint. **EXHIBIT C, pg 2, 6-7**
- On November 13, 2007 I responded to the Defendant's first pre-motion letter stating that the frequency, duration and severity of the discriminatory conduct should be considered as to the length of the complaint. **EXHIBIT D, pg 2**
- I beg Your Honor to allow me to correct my mistake and to write a Third Amended Complaint that is in proportion to the length of time (more than one thousand-nine hundred and eighty days) and the frequency, duration and severity of the discriminatory conduct. **EXHIBIT D, pg 2** Please take into consideration that at the pre-motion conference held on June 13, 2008, Your Honor complemented me on the writing of my Second Amended Complaint that was in compliant with Federal Rule 8.
- I would not raise any issues not included in either my Amended Complaint or my Second Amended Complaint.

**3) At the pre-motion conference on June 13, 2008 the Court did not allowed me to submit relevant documents in my defense.**
- The OAG responded to my Second Amended Complaint in a letter dated May 7, 2008 stating that the defendants intended to move to dismiss all claims. **EXHIBIT E**
- I responded to the May 7th letter with what I thought was the best possible defense applying the Federal Rules of Civil Procedures and Your Individual Rules of Practice. **EXHIBIT F**
- The OAG then responded to my letter claiming the defendant's were NOT in default. **EXHIBIT G** Your Honor kindly explained to me the Court's reasonable & customary practices regarding time limitations of which I could not have otherwise known.
- I did not find any rule that would allow me to submit a second letter of defense.
- I came to the June 13, 2008 pre-motion conference prepared with the documents and arguments for my defense. **EXHIBIT A**
- The Court did not allow me to submit the relevant documents in my defense.

**Responses to the issues raised in OAG's letter dated May 7, 2008**
Please note:
- the EEOC advised me that my complaint would be investigated by the DHR, not the EEOC, and I was instructed to direct all questions, correspondence, etc. To the DHR. **EXHIBIT A, EXHIBIT 1 pg 5**
- the EEOC adopted <u>ALL</u> the findings of the DHR. **EXHIBIT A, EXHIBIT 8**

<u>OAG claimed the Title VII Statute of Limitations had not been met and OAG claimed that I was not subject to acts of sexual harassment after Dec 2003</u>
- the DHR approved my request to file sexual harassment charges outside the time limitations because my medical condition prevented me from filing my Complaint within the specified time period **EXHIBIT A, EXHIBIT 2**
- On July 27, 2005 the DHR received, subsequently investigated, my letter of July 20, 2005 requesting to file a sexual harassment complaint because I was sexually harassed on December 8, 2004 during the Reasonable Accommodation Committee meeting when Joan Trombini repeatedly asked me why I couldn't work in Region 8, to provide specific details other than my written response. **EXHIBIT A, EXHIBIT 3**
- on/about May 9, 2002 I was not able to write and/or pursue filing a complaint. **See Amended Complaint #39**

<u>OAG claimed in December I left work for medical reasons #31, 50</u>
- #3 It can not be concluded that I left work because I reported my work illness to worker's compensation.
- # 50 ONLY states that DOT placed me on Family & Medical Leave not that I left work.
- I did not request Family and Medical Leave because I could work! See #49

<u>OAG claimed that I was subsequently terminated without returning to work #36-38</u>
- I advised DOT that I was able to return to work. **#36**
- DOT never gave me the opportunity to report to work without the accommodation. **#38**

<u>OAG claimed that the retaliation under Title VII was not included in the EEOC charge</u> and <u>DHR did not address whether my termination was retaliatory - failure to exhaust my administrative remedies.</u>
- My DHR Complaint covered all the sexual harassment. I was advised to update my Complaint in writing or disclose additional information to an investigator once my case was assigned. I did disclose the sexual harassment retaliation to the DHR. See **EXHIBIT A, EXHIBIT 4** for one example
- On August 1, 2005 the DHR advised me that my Complaint on file covered all the sexual harassment and that I could update my Complaint in writing or disclosure additional information to an investigator once my case was assigned. **EXHIBIT A pg 4**
- On October 10, 2006 the DHR received, subsequently investigated, the addendum to my Complaint in which I charged the State of New York: NYS Department of Transportation; NYS Department of Civil Service, State of New York as the respondents and State of New York: NYS Department of Audit and Control, necessary parties with an unlawful discriminatory and retaliatory practice relating to my hiring in violation of Article 15 of the Executive Law of the State of new York (New York Human Rights Law, Section 296) and in violation of Federal Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act (ADA) against retaliation for having filed a complaint of sexual harassment, disability discrimination, and retaliation with the New York State Division of Human Rights.**EXHIBIT A, EXHIBIT 5**
- I reported the continued sexual harassment and retaliation to my supervisor on April 22, 2003. **EXHIBIT H**

<u>OAG claimed that I said that the sexual harassment rendered me unable to work in the same location as them, not that I was denied the opportunity to do so</u>
- DOT never gave me the opportunity to report to work without the accommodation. See #38

In addition, DOT and DCS gave misleading and false information to the DHR in retaliation against me which lead to the findings and dismissal of my administrative complaint. **See #72** All other charges and issues raised by the OAG should not be decided on a motion before discovery because I maybe entitled to injunctive relief on these charges based on the retaliation.

This is to inform the Court that at the beginning of last week I spoke with the OAG regarding many of the issues raised above and of my intent to write this letter. The OAG is expecting receipt of this letter.

Please accept my deepest apology for any inconvenience that this request may cause. I am trying to the best of my ability to learning the Court procedures, the rules, case law, etc. I am very thankful for the understanding and kindness that Your Honor has shown me.

I beg for Your Honor's thoughtful consideration to **VOID** the above Motion Scheduling Order and to allow me to correct the mistakes, to file a Third Amended Complaint for all the above reasons. If the Court's response is in the affirmative, I request 30 days from the receipt of your decision to file and serve the Third Amended Complaint upon the court and the OAG, and I request that the OAG should have the full 20 days to answer or otherwise respond to the complaint, or whatever amount of time the Court deems appropriate.

Thank you for your time and consideration,

Sincerely,

Kathleen Zubrycki
845-876-3542
/kz

cc: Mr. Aron Fischer, NYS Office of the Attorney General - By: Certified Mail: 7008 0150 0000 0967 2494

*[Handwritten note:]* Plaintiff is given leave to file a third amended complaint. She must do so by July 31, 2008. Defendants can advise the Court by August 20, 2008 what course they wish to take and when they will do so. In other words, Defendants may propose a revised briefing schedule for their motion to dismiss.

SO ORDERED.

KENNETH M. KARAS U.S.D.J.
7/8/08